**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| OPTIMNET LLC, | § | |
|       Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | Civil Action No.: 7:25-cv-00532-ADA |
| | § | |
| AMAZON.COM SERVICES LLC, and | § | **JURY TRIAL DEMANDED** |
| AMAZON WEB SERVICES, INC., | § | |
| | § | |
|       Defendants. | § | |
| | § | |
| | § | |

**DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON WEB SERVICES, INC.'S ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Amazon.com Services LLC ("ASL") and Amazon Web Services, Inc. ("AWS") (collectively "Amazon" or "Defendants") hereby respond to OptimNet LLC's ("OptimNet" or "Plaintiff") First Amended Complaint for Patent Infringement ("Amended Complaint") and state their Counterclaims below.

Each of the paragraphs below corresponds to the same numbered paragraphs in the Amended Complaint. Amazon denies all allegations in the Amended Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation admitted below is admitted only as to the specific facts stated. Amazon does not admit any conclusions, characterizations, or implications that might be drawn from those facts. Finally, Amazon denies that OptimNet is entitled to the relief requested in the Amended Complaint or to any other relief.

The allegations in the unnumbered first paragraph state legal conclusions to which no response is required. To the extent a response is deemed required, Amazon denies that it has committed any act of patent infringement and denies any remaining allegations in the paragraph.

**INTRODUCTION[1]**

1.      Amazon denies it infringes United States Patent Nos. 8,543,864 ("the '864 patent"), 8,788,846 ("the '846 patent"), 9,104,565 ("the '565 patent"), and 9,112,934 ("the '934 patent") (collectively, the "Asserted Patents") and further denies all remaining allegations in paragraph 1.

2.      Amazon lacks information sufficient to admit or deny Plaintiff's allegation that the Asserted Patents "originate from the Electronics and Telecommunications Research Institute ("ETRI")," and on that basis denies the allegation. Amazon lacks information sufficient to admit or deny Plaintiff's allegation that ETRI is a "non-profit, government-funded research institute in Daedeok, Korea," and on that basis denies the allegation. Amazon denies all remaining allegations in paragraph 2.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

---

[1] For purposes of Amazon's Answer, the headings of the Amended Complaint are repeated for clarity and ease of reference. To the extent that any heading contains any allegations or is construed as an allegation, Amazon expressly denies them.

14.    Denied.

15.    Denied.

16.    Paragraph 16 purports to identify Amazon Simple Storage Service ("S3"), Amazon Elastic Compute Cloud ("EC2"), AWS Nitro System, Amazon CloudFront, Amazon CloudWatch, and AWS X-Ray as "Accused Instrumentalities." Amazon denies that it has committed any act of patent infringement and denies any characterization of these products as infringing any patent. Amazon denies all remaining allegations in paragraph 16.

### Amazon Elastic Compute Cloud ("EC2") and Nitro System

17.    Amazon admits that Amazon EC2 provides compute capacity in the AWS Cloud. Amazon further admits that Amazon EC2 can be used to launch and manage virtual server instances. Amazon admits that the website available at https://aws.amazon.com/ec2/ states that "(Amazon EC2) offers the broadest and deepest compute platform" with "choice of the latest processor, storage, networking, operating system, and purchase model to help you best match the needs of your workload." To the extent Plaintiff's allegations otherwise seek to characterize the contents of the websites identified in paragraph 17, the websites speak for themselves. Amazon denies all remaining allegations in paragraph 17.

18.    Amazon admits that AWS EC2 customers may purchase On-Demand Instances, Savings Plans, Spot Instances, and Reserved Instances. Amazon denies that any website identified in paragraph 18 states that "there are five ways to pay for Amazon EC2 instances: On-Demand, Savings Plans, Reserved Instances, and Spot Instances[.]" Amazon admits the website available at https://docs.aws.amazon.com/AWSEC2/latest/UserGuide/instance-types.html states that "each instance type offers different compute, memory, and storage capabilities, and is grouped in an instance family based on these capabilities." To the extent Plaintiff's allegations otherwise seek to

characterize the contents of the websites identified in paragraph 18, the websites speak for themselves. Amazon denies all remaining allegations in paragraph 18.

19.     Amazon admits that the AWS Nitro System provides hardware and software components for EC2 instances. Amazon further admits that the website available at https://docs.aws.amazon.com/whitepapers/latest/security-design-of-aws-nitro-system/the-components-of-the-nitro-system.html indicates that some Nitro Systems may use "Nitro Card for VPC, the Nitro Card for EBS, and the Nitro Card for Local NVMe Storage[.]" To the extent Plaintiff's allegations otherwise seek to characterize the contents of websites identified in paragraph 19, the websites speak for themselves. Amazon denies all remaining allegations in paragraph 19.

20.     Amazon admits that a February 15, 2024 white paper available at https://docs.aws.amazon.com/pdfs/whitepapers/latest/security-design-of-aws-nitro-system/security-design-of-aws-nitro-system.pdf states "The Nitro System enables what is effectively 'bare metal' performance by running nearly all the functionality of the virtualization system on the Nitro cards rather than on the host's system mainboard CPUs." Amazon denies that the websites identified in paragraph 20 state that Nitro "eliminates virtualization overhead." Furthermore, to the extent Plaintiff's allegations otherwise seek to characterize the contents of the websites identified in paragraph 20, the websites speak for themselves. Amazon denies all remaining allegations in paragraph 20.

21.     To the extent Plaintiff's allegations seek to characterize the contents of the websites identified in paragraph 20, the websites speak for themselves. Amazon denies all remaining allegations in paragraph 21.

22. Amazon admits that a February 6, 2025 news release available at https://ir.aboutamazon.com/news-release/news-release-details/2025/Amazon-com-Announces-Fourth-Quarter-Results/ states "AWS segment sales increased 19% year-over-year to $107.6 billion." Amazon further admits that the same news release states "Operating income increased to $68.6 billion in 2024." To the extent Plaintiff's allegations otherwise seek to characterize the contents of the websites available at https://ir.aboutamazon.com/news-release/news-release-details/2025/Amazon-com-Announces-Fourth-Quarter-Results and https://s2.q4cdn.com/299287126/files/doc_financials/-2025/ar/Amazon-2024-Annual-Report.pdf, the websites speak for themselves. To the extent Plaintiff's allegations seek to characterize third-party statements made on websites available at https://www.exchange4media.com/digital-news/-amazon-records-18-growth-in-ad-revenue-140705.html and https://www.theguardian.com/technology/2024/apr/30/amazon-sales-report-ai, Amazon lacks information sufficient to admit or deny such allegations and on that basis denies them. Amazon denies all remaining allegations in paragraph 22.

23. Amazon admits that a website available at https://aws.amazon.com/solutions/case-studies/netflix-case-study states "Online content provider Netflix can support seamless global service by using Amazon Web Services (AWS). AWS enables Netflix to quickly deploy thousands of servers and terabytes of storage within minutes." To the extent Plaintiff's allegations otherwise seek to characterize the contents of https://aws.amazon.com/solutions/case-studies/netflix-case-study, the document speaks for itself. Amazon denies that the website https://yanil.hashnode.dev/case-study-on-netflix-using-aws-services is a "case study" or otherwise qualifies as "analyses" and further denies any allegations in paragraph 23 that are based upon this website. Amazon denies all remaining allegations in paragraph 23.

DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON WEB SERVICES, INC.'S ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

PAGE 5

24.     Amazon admits that a website available at https://aws.amazon.com/solutions/case-studies/airbnb-case-study states "[Airbnb] uses 200 Amazon Elastic Compute Cloud (Amazon EC2) instances for its application, memcache, and search servers." Amazon further admits that the website states that Airbnb uses Elastic Load Balancing and Amazon EMR. To the extent Plaintiff's allegations otherwise seek to characterize the contents of the website identified in paragraph 24, the website speaks for itself. Amazon denies all remaining allegations in paragraph 24.

25.     Denied.

## Amazon CloudFront

26.     Amazon admits that CloudFront is a content delivery network ("CDN") that delivers Internet content to end users. Amazon further admits that CloudFront uses edge locations. Amazon further admits that the website available at https://docs.aws.amazon.com/AmazonCloudFront/latest/DeveloperGuide/Introduction.html states "When a user requests content that you're serving with CloudFront, the request is routed to the edge location that provides the lowest latency (time delay), so that content is delivered with the best possible performance." To the extent Plaintiff's allegations otherwise seek to characterize the contents of websites identified in paragraph 26, the websites speak for themselves. Amazon denies all remaining allegations in paragraph 26.

27.     Amazon denies the websites identified in paragraph 27 state that CloudFront can help customers "distribute [their] static and dynamic content quickly and reliably with high speed and low latency." Amazon admits the website available at https://docs.aws.amazon.com/AmazonCloudFront/latest/DeveloperGuide/on-demand-streaming-video.html states that "You can use CloudFront to deliver video on demand (VOD) or live streaming video by using any HTTP origin." To the extent Plaintiff's allegations otherwise seek

to characterize the contents of websites identified in paragraph 27, the websites speak for themselves. Amazon denies all remaining allegations in paragraph 27.

28.     Amazon admits that a February 6, 2025 news release available at https://ir.aboutamazon.com/news-release/news-release-details/2025/Amazon-com-Announces-Fourth-Quarter-Results/ states "AWS segment sales increased 19% year-over-year to $107.6 billion." To the extent Plaintiff's allegations otherwise seek to characterize the contents of the websites identified in paragraph 28, the websites speak for themselves. Amazon denies all remaining allegations in paragraph 28.

29.     Amazon admits that a website available at https://aws.amazon.com/solutions/case-studies/instacart-edge-services-case-study states "Instacart decided to use Amazon CloudFront for its service load balancers to strengthen its security posture and enhance performance." To the extent Plaintiff's allegations otherwise seek to characterize the contents of https://aws.amazon.com/solutions/case-studies/instacart-edge-services-case-study, the website speaks for itself. Amazon denies that the website https://medium.com/%40gayatrivalp/how-aws-helped-instacart-4d00886e00ab is a "case study" or otherwise qualifies as "analyses" and further denies any allegations in paragraph 29 that are based upon this website. Amazon denies all remaining allegations in paragraph 29.

30.     Amazon admits a 2017 video available at https://www.youtube.com/watch?v=US2x6CalT7Y discusses Hulu's use of CloudFront, Amazon S3, and Amazon Aurora for its live television service. To the extent Plaintiff's allegations otherwise seek to characterize the contents of https://www.youtube.com/watch?v=US2x6CalT7Y, the video speaks for itself. Amazon denies all remaining allegations in paragraph 30.

31.     Denied.

DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON WEB SERVICES, INC.'S
ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

PAGE 7

**Amazon Simple Storage Service (S3)**

32.    Amazon admits that the website available at https://aws.amazon.com/s3/ states that "Amazon Simple Storage Service (Amazon S3) is an object storage service offering industry-leading scalability, data availability, security, and performance." Amazon further admits that the website available at https://aws.amazon.com/s3/ states that S3 customers may use S3 to store data for "use case[s] such as data lakes, cloud-native applications, and mobile apps." To the extent Plaintiff's allegations otherwise seek to characterize the contents of websites identified in paragraph 32, the websites speak for themselves. Amazon denies all remaining allegations in paragraph 32.

33.    Amazon admits that the website available at https://aws.amazon.com/s3/storage-classes/ states that "S3 is designed to exceed 99.999999999% (11 nines) data durability." Amazon further admits that the website available at https://aws.amazon.com/s3/storage-classes/ states that "S3 stores data redundantly across a minimum of 3 Availability Zones by default, providing built-in resilience against widespread disaster." Amazon further admits that the website available at https://aws.amazon.com/s3/customers/ states that "Amazon S3 is the most secure, durable, and scalable storage to build your data lake" and that "S3 hosts tens of thousands of data lakes for customers such as Sysco, Bristol Myers Squibb, GE, and Siemens[.]" To the extent Plaintiff's allegations otherwise seek to characterize the contents of the websites identified in paragraph 33, the websites speak for themselves. Amazon denies all remaining allegations in paragraph 33.

34.    Amazon admits that a February 6, 2025 news release available at https://ir.aboutamazon.com/news-release/news-release-details/2025/Amazon-com-Announces-Fourth-Quarter-Results/ states "AWS segment sales increased 19% year-over-year to $107.6 billion." Amazon admits that it publicly discloses certain pricing for S3 on the website

https://aws.amazon.com/s3/pricing. To the extent Plaintiff's allegations otherwise seek to characterize the contents of websites identified in paragraph 34, the websites speak for themselves. Amazon denies all remaining allegations in paragraph 34.

35.    Amazon    admits    that    the    website    available    at https://aws.amazon.com/solutions/case-studies/airbnb-case-study states "Airbnb is also using Amazon Simple Storage Service (Amazon S3) to house backups and static files, including 10 terabytes of user pictures." Amazon further admits that the website available at https://aws.amazon.com/solutions/case-studies/airbnb-case-study states that Airbnb uses Amazon CloudWatch to supervise its EC2 assets. To the extent Plaintiff's allegations otherwise seek to characterize the contents of the website identified in paragraph 35, the document speaks for itself. Amazon denies all remaining allegations in paragraph 35.

36.    Denied.

**Amazon CloudWatch and AWS X-Ray**

37.    Amazon admits that the website available at https://aws.amazon.com/cloudwatch states that CloudWatch is an observability service. Amazon further admits that the website available at https://aws.amazon.com/cloudwatch states that "CloudWatch connects metrics, logs, and traces to help you quickly understand relationships, spot performance bottlenecks, and uncover hidden    dependencies."    Amazon    denies    that    the    website    available    at https://aws.amazon.com/cloudwatch states that CloudWatch integrates with more than 70 AWS services. Amazon further denies that the website available at https://aws.amazon.com/cloudwatch describes CloudWatch as a "monitoring and management" service. To the extent Plaintiff's allegations otherwise seek to characterize the contents of the website identified in paragraph 37, the website speaks for itself. Amazon denies all remaining allegations in paragraph 37.

38.    Amazon    admits    that    the    website    available    at https://docs.aws.amazon.com/AmazonCloudWatch/latest/monitoring/Install-CloudWatch-Agent.html states that "CloudWatch agent is a software component that collects metrics, logs, and traces from your Amazon EC2 instances, on-premises servers, and containerized applications. It enables you to monitor your infrastructure and applications more comprehensively than the basic monitoring provided by default." To the extent Plaintiff's allegations otherwise seek to characterize the contents of the website identified in paragraph 38, the website speaks for itself. Amazon denies all remaining allegations in paragraph 38.

39.    Amazon denies that the website available at https://aws.amazon.com/xray states that "AWS X-Ray helps you debug and analyze your microservices applications with request tracing so you can find the root cause of issues and performance bottlenecks[.]" Amazon further denies that the website available at https://aws.amazon.com/xray states that X-Ray generates a detailed service map. To the extent Plaintiff's allegations otherwise seek to characterize the contents of the website identified in paragraph 39, the website speaks for itself. Amazon denies all remaining allegations in paragraph 39.

40.    Amazon    denies    that    the    April    30,    2019    blog    post    available    at https://aws.amazon.com/blogs/developer/new-analyze-and-debug-distributed-applications-interactively-using-aws-x-ray-analytics states that "X-Ray works across a range of AWS compute environments—including serverless, containers, and Amazon EC2—and that traces can be correlated with CloudWatch metrics and logs for full-stack observability." Amazon further denies that the October 15, 2023 blog post available at https://aws.amazon.com/blogs/mt/observability-using-native-amazon-cloudwatch-and-aws-x-ray-for-serverless-modern-applications/ states that "CloudWatch and AWS X-Ray together provide full observability of logs, metrics, and traces for

serverless and microservice-based applications and describe reference architectures where CloudWatch is used for metrics and logs, while X-Ray provides the distributed tracing layer." To the extent Plaintiff's allegations otherwise seek to characterize the contents of the blog posts identified in paragraph 40, the blog posts speak for themselves. Amazon denies all remaining allegations in paragraph 40.

41.    Amazon admits that a February 6, 2025 news release available at https://ir.aboutamazon.com/news-release/news-release-details/2025/Amazon-com-Announces-Fourth-Quarter-Results/ states that "AWS segment sales increased 19% year-over-year to $107.6 billion." To the extent Plaintiff's allegations otherwise seek to characterize the contents of the news release identified in paragraph 41, the news release speaks for itself. Amazon denies all remaining allegations in paragraph 41.

42.    Amazon admits that an April 29, 2019 blog article available at https://aws.amazon.com/blogs/mt/how-twitch-monitors-its-services-with-amazon-cloudwatch states that "Twitch uses Amazon CloudWatch to monitor its business-critical services. It emits custom metrics then visualizes and alerts based on predefined thresholds for these key metrics." Amazon further admits the website available at https://aws.amazon.com/solutions/case-studies/airbnb-case-study states that "To monitor all of its server resources, Airbnb uses Amazon CloudWatch, which allows the company to easily supervise all of its Amazon EC2 assets through the AWS Management Console, Command Line Tools, or a Web services API." To the extent Plaintiff's allegations otherwise seek to characterize the contents of the websites identified in paragraph 42, the websites speak for themselves. Amazon denies all remaining allegations in paragraph 42.

43.    Denied.

**PARTIES**

44.     Amazon has insufficient knowledge to admit or deny the allegations in paragraph 44 of the Amended Complaint and on that basis denies them.

45.     Amazon admits that ASL is a Delaware limited liability company with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109. Amazon also admits that ASL's registered agent for service of process in Texas is Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

46.     Amazon admits that AWS is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109. Amazon also admits that AWS's registered agent for service of process in Texas is Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**JURISDICTION AND VENUE**

47.     The allegations in paragraph 47 state legal conclusions to which no response is required. To the extent a response is required, Amazon denies it infringes the Asserted Patents.

48.     The allegations in paragraph 48 state legal conclusions to which no response is required. To the extent a response is required, Amazon denies that Plaintiff has constitutional and statutory standing.

49.     The allegations in paragraph 49 are legal conclusions to which no response is required. To the extent a response is required, Amazon does not contest that this Court has specific personal jurisdiction over ASL and AWS for purposes of the instant action only. Amazon denies all remaining allegations in paragraph 49 and further denies that it infringes the Asserted Patents.

50.    Amazon admits that ASL and AWS maintain a place of business in this District. Amazon denies all remaining allegations in paragraph 50.

51.    Denied.

52.    The allegations in paragraph 52 are legal conclusions to which no response is required. To the extent a response is required, and for purposes of this case only, Amazon does not contest that venue is proper in this District under 28 U.S.C. § 1391. Amazon reserves the right to seek transfer of venue for convenience under 28 U.S.C. § 1404(a). Amazon admits that ASL and AWS are both registered to do business in Texas. Amazon further admits that ASL and AWS have transacted business in this District. Amazon denies all remaining allegations in paragraph 52 and further denies that it has committed any act of patent infringement.

53.    Denied.

54.    Plaintiff's allegation that AWS "maintain[s] regular and established places of business in the Western District of Texas" is a legal conclusion to which no response is required. To the extent a response is required, Amazon does not contest that venue in this case is proper in this District under 28 U.S.C. § 1391 but reserves the right to seek transfer of venue for convenience under 28 U.S.C. § 1404(a). Amazon lacks information sufficient to admit or deny the allegations in paragraph 54 relating to unidentified "affiliates" because it is unclear to what "affiliates" refers. Amazon denies that AWS operates data centers at "7400 Potranco Road," "12807 Donop Road," and "11625 Old Corpus Christi Highway in San Antonio, Texas." Amazon further denies that AWS operates a data facility designated "ALE061". Amazon further denies that "public records" show that AWS operates data centers at these three addresses. Amazon admits that AWS uses data centers located in this District. Amazon denies all remaining allegations in paragraph 54.

55.    Amazon lacks information sufficient to admit or deny the allegations in paragraph 55 regarding the "Amazon Tech Hub" because it is unclear to what "Amazon Tech Hub" refers. ASL admits that it has at least one fulfillment center in this District. The remaining allegations in paragraph 55 are denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

## COUNT 1 - INFRINGEMENT OF THE '864 PATENT

60.    Amazon incorporates by reference its responses to paragraphs 1 through 59 as if fully set forth herein.

61.    Amazon admits that on its face, U.S. Patent No. 8,543,864 titled "Apparatus and Method of Performing Error Recovering Process in Asymmetric Clustering File System," states that the United States Patent and Trademark Office ("USPTO") issued the patent on September 24, 2013.

62.    Denied.

63.    The allegations in paragraph 63 state legal conclusions to which no response is required. To the extent a response is required, Amazon denies that the '864 patent is valid or was duly issued by the USPTO in compliance with title 35 of the United States Code.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON WEB SERVICES, INC.'S
ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

PAGE 14

68.    Amazon admits that the Amended Complaint purports to attach a copy of the '864 patent as exhibit 1. Amazon further admits that the Amended Complaint purports to attach a chart comparing claims of the '864 patent to certain products. Amazon denies that it has committed any act of patent infringement and denies all remaining allegations in paragraph 68.

69.    Denied.

70.    Amazon admits that the website available at https://aws.amazon.com/s3/ states that "Amazon Simple Storage Service (Amazon S3) is an object storage service offering industry-leading scalability, data availability, security, and performance." Amazon further admits that the website available at https://aws.amazon.com/s3/ states that S3 customers may use S3 to store data for use cases such as data lakes, cloud-native applications, and mobile apps. Amazon further admits that the website available at https://aws.amazon.com/s3/storage-classes/ states that "S3 is designed to exceed 99.999999999% (11 nines) data durability." Amazon further admits that the website available at https://aws.amazon.com/s3/storage-classes/ states that "S3 stores data redundantly across a minimum of 3 Availability Zones by default, providing built-in resilience against widespread disaster." Amazon further admits that the website available at https://aws.amazon.com/s3/customers/ states that "Amazon S3 is the most secure, durable, and scalable storage to build your data lake" and that "S3 hosts tens of thousands of data lakes for customers such as Sysco, Bristol Myers Squibb, GE, and Siemens[.]" To the extent Plaintiff's allegations otherwise seek to characterize the contents of the websites identified in paragraph 70, the websites speak for themselves. Amazon denies that it has committed any act of patent infringement and denies all remaining allegations in paragraph 70.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

## <u>COUNT 2 - INFRINGEMENT OF THE '846 PATENT</u>

81.    Amazon incorporates by reference its responses to paragraphs 1 through 80 as if fully set forth herein.

82.    Amazon admits that on its face, U.S. Patent No. 8,788,846 titled "Cloud Computing System and Cloud Server Managing Method Thereof," states that the USPTO issued the patent on July 22, 2014.

83.    Denied.

84.    The allegations in paragraph 84 state legal conclusions to which no response is required. To the extent a response is required, Amazon denies that the '846 patent is valid or was duly issued by the USPTO in compliance with title 35 of the United States Code.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON WEB SERVICES, INC.'S
ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

PAGE 16

89.     Amazon admits that the Amended Complaint purports to attach a copy of the '846 patent as exhibit 3. Amazon further admits that the Amended Complaint purports to attach a chart comparing the claims of the '846 patent to certain products. Amazon denies that it has committed any act of patent infringement and denies all remaining allegations in paragraph 89.

90.     Denied.

91.     Amazon admits that Amazon EC2 provides compute capacity in the AWS Cloud. Amazon further admits that Amazon EC2 can be used to launch and manage virtual server instances. To the extent Plaintiff's allegations otherwise seek to characterize the contents of the websites identified in paragraph 91, the websites speak for themselves. Amazon denies all remaining allegations in paragraph 91.

92.     Amazon admits that the website available at https://aws.amazon.com/ec2/ states that "(Amazon EC2) offers the broadest and deepest compute platform" with "choice of the latest processor, storage, networking, operating system, and purchase model to help you best match the needs of your workload." To the extent Plaintiff's allegations otherwise seek to characterize the contents of the websites identified in paragraph 92, the websites speak for themselves. Amazon denies all remaining allegations in paragraph 92.

93.     Amazon admits that the AWS Nitro System provides hardware and software components for EC2 instances. Amazon further admits that the website available at https://docs.aws.amazon.com/whitepapers/latest/security-design-of-aws-nitro-system/the-components-of-the-nitro-system.html indicates that some Nitro Systems may use "Nitro Card for VPC, the Nitro Card for EBS, and the Nitro Card for Local NVMe Storage[.]" To the extent Plaintiff's allegations otherwise seek to characterize the contents of websites identified in

paragraph 93, the websites speak for themselves. Amazon denies all remaining allegations in paragraph 93.

94.    Amazon admits that a February 15, 2024 white paper available at https://docs.aws.amazon.com/pdfs/whitepapers/latest/security-design-of-aws-nitro-system/security-design-of-aws-nitro-system.pdf states "The Nitro System enables what is effectively 'bare metal' performance by running nearly all the functionality of the virtualization system on the Nitro cards rather than on the host's system mainboard CPUs." Amazon denies that the websites identified in paragraph 94 state that Nitro "eliminates virtualization overhead." Furthermore, to the extent Plaintiff's allegations otherwise seek to characterize the contents of the websites identified in paragraph 94, the websites speak for themselves. Amazon denies all remaining allegations in paragraph 94.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

### COUNT 3 - INFRINGEMENT OF THE '565 PATENT

102.    Amazon incorporates by reference its responses to paragraphs 1 through 101 as if fully set forth herein.

103. Amazon admits that on its face, U.S. Patent No. 9,104,565 titled "Fault Tracing System and Method for Remote Maintenance," states that the USPTO issued it on August 11, 2015.

104. Denied.

105. The allegations in paragraph 105 state legal conclusions to which no response is required. To the extent a response is required, Amazon denies that the '565 patent is valid or was duly issued by the USPTO in compliance with title 35 of the United States Code.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Amazon admits that the Amended Complaint purports to attach a copy of the '565 patent as exhibit 5. Amazon further admits that the Amended Complaint purports to attach a chart comparing the claims of the '565 patent to certain products. Amazon denies that it has committed any act of patent infringement and denies all remaining allegations in paragraph 110.

111. Denied.

112. Amazon denies that the website available at https://aws.amazon.com/cloudwatch describes CloudWatch as a "monitoring and management" service. Amazon admits that the website available at https://aws.amazon.com/cloudwatch states that "CloudWatch connects metrics, logs, and traces to help you quickly understand relationships, spot performance bottlenecks, and uncover hidden dependencies." Amazon denies that the website available at https://aws.amazon.com/cloudwatch states that CloudWatch integrates with more than 70 AWS services. Amazon admits that the website available at

DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON WEB SERVICES, INC.'S ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

PAGE 19

https://docs.aws.amazon.com/AmazonCloudWatch/latest/monitoring/Install-CloudWatch-Agent.html states that "CloudWatch agent is a software component that collects metrics, logs, and traces from your Amazon EC2 instances, on-premises servers, and containerized applications. It enables you to monitor your infrastructure and applications more comprehensively than the basic monitoring provided by default." Amazon denies that the website available at https://aws.amazon.com/xray states that "AWS X-Ray helps you debug and analyze your microservices applications with request tracing so you can find the root cause of issues and performance bottlenecks[.]" Amazon further denies that the website available at https://aws.amazon.com/xray states that X-Ray generates a detailed service map. To the extent Plaintiff's allegations otherwise seek to characterize the contents of the websites identified in paragraph 112, the websites speak for themselves. Amazon denies all remaining allegations in paragraph 112.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

**COUNT 4 - INFRINGEMENT OF THE '934 PATENT**

121. Amazon incorporates by reference its responses to paragraphs 1 through 120 as if fully set forth herein.

122. Amazon admits that on its face, U.S. Patent No. 9,112,934 titled "Apparatus and Method for Configuring On-Demand Content Delivering Overlay Network," states that the USPTO issued it on August 18, 2015.

123. Denied.

124. The allegations in paragraph 124 state legal conclusions to which no response is required. To the extent a response is required, Amazon denies that the '934 patent is valid or was duly issued by the USPTO in compliance with title 35 of the United States Code.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Amazon admits that the Amended Complaint purports to attach a copy of the '934 patent as exhibit 7. Amazon further admits that the Amended Complaint purports to attach a chart comparing the claims of the '934 patent to certain products. Amazon denies that it has committed any act of patent infringement and denies all remaining allegations in paragraph 129.

130. Denied.

131. Amazon admits that the website available at https://aws.amazon.com/documentation-overview/cloudfront/ states "Amazon CloudFront is a content delivery network (CDN) service that is designed to securely deliver data, videos, applications, and APIs to customers globally with low latency and high transfer speeds." Amazon further admits that the website available at https://docs.aws.amazon.com/AmazonCloudFront/latest/DeveloperGuide/Introduction.html states that "Amazon CloudFront is a web service that speeds up distribution of your static and

DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON WEB SERVICES, INC.'S
ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

PAGE 21

dynamic web content, such as .html, .css, .js, and image files, to your users" and also states that "CloudFront delivers your content through a worldwide network of data centers called edge locations." Amazon further admits that the website available at https://docs.aws.amazon.com/AmazonCloudFront/latest/DeveloperGuide/Introduction.html states that "When a user requests content that you're serving with CloudFront, the request is routed to the edge location that provides the lowest latency (time delay), so that content is delivered with the best possible performance." To the extent Plaintiff's allegations otherwise seek to characterize the contents of websites identified in paragraph 131, the websites speak for themselves. Amazon denies all remaining allegations in paragraph 131.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

## JURY DEMAND

140.    Paragraph 140 purports to demand a trial by Jury. No response from Amazon is required.

## RELIEF REQUESTED

Paragraphs (A) through (F) of this section of the Amended Complaint are prayers for relief, which do not require an admission or denial. Amazon denies that OptimNet is entitled to any relief

DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON WEB SERVICES, INC.'S
ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

PAGE 22

in this action, as requested or otherwise. To the extent paragraphs (A) through (F) contain any factual allegations, Amazon denies them.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Pursuant to Federal Rules of Civil Procedure 8(b) and 8(c), without assuming any burden of proof that it would not otherwise bear, without reducing or removing OptimNet's burdens of proof on its claims against Amazon, reserving its right to assert additional defenses and/or affirmative defenses, and solely to the extent deemed necessary by this Court to maintain any and all of the following defenses, Amazon asserts the following defenses and/or affirmative defenses to OptimNet's Amended Complaint:

### FIRST DEFENSE
### (Failure to State a Claim)

141. OptimNet has failed to state a claim upon which relief can be granted.

142. Amazon incorporates the arguments made in its Motion to Dismiss Plaintiff's Original Complaint (Doc. 14) as if set forth fully herein.

### SECOND DEFENSE
### (Lack of Standing/Subject Matter)

143. OptimNet lacks constitutional, jurisdictional, and statutory standing to assert one or more of the Asserted Patents.

144. Amazon incorporates the arguments made in its Motion to Dismiss Plaintiff's Original Complaint (Doc. 14) as if set forth fully herein.

### THIRD DEFENSE
### (Non-Infringement)

145. Amazon has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents, directly, indirectly, literally, by the doctrine of equivalents, or willfully.

146.    Amazon incorporates the allegations made in Paragraphs 32-66 of its Counterclaim as if set forth fully herein.

**FOURTH DEFENSE**
**(Invalidity)**

147.    Each of the claims of the Asserted Patents are invalid for failing to comply with one or more of the requirements for patentability under the Patent Laws of the United States as set forth in 35 U.S.C. §§ 101 *et seq*., including, but not limited to §§ 101, 102, 103, 112, and 282. Specifically, but not limited to the reasons set forth below, the Asserted Patents are invalid for at least the following reasons:

- The Asserted Patents fail to recite patent-eligible subject matter as required by 35 U.S.C. § 101 because they are directed to an abstract idea and fail to recite an inventive concept sufficient to transform that abstract idea into a patent-eligible application.

- One or more claims of the Asserted Patents are anticipated under 35 U.S.C. § 102 and/or would have been obvious under 35 U.S.C. § 103 because each limitation is disclosed, expressly or inherently, in a single prior art reference or in a combination of prior art references. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to arrive at the claimed invention with a reasonable expectation of success. Discovery has not yet begun, and Amazon will provide its invalidity contentions, including the prior art that it intends to rely upon, in accordance with any scheduling order entered by the Court.

- One or more claims of the Asserted Patents are indefinite under 35 U.S.C. § 112 because the claim language, read in light of the specifications delineating the Asserted Patents and the related prosecution histories, fails to inform, with reasonable certainty, those skilled in the art about the scope of the claimed inventions.

- One or more claims of the Asserted Patents lack written description under 35 U.S.C. § 112 because the disclosures in the specifications do not reasonably convey to those skilled in the art that the inventors had possession of each claimed subject matter as of the effective filing dates for the Asserted Patents.

- One or more claims of the Asserted Patents are not enabled under 35 U.S.C. § 112 because the disclosures in the specifications do not contain sufficient information regarding the claimed subject matter so as to enable one skilled in the pertinent art to make and use the claimed invention.

This case is in its early stages. Amazon reserves the right to amend its defenses, including affirmative defenses, and further plead should discovery reveal additional support.

### FIFTH DEFENSE
### (Limitation on Damages)

148.    Pursuant to the requirements of 35 U.S.C. §§ 286-288, OptimNet's ability to recover damages and/or costs is limited or barred.

### SIXTH DEFENSE
### (No Attorneys' Fees)

149.    OptimNet cannot prove that this is an exceptional case justifying an award of attorneys' fees against Amazon pursuant to 35 U.S.C. § 285. Amazon did not have notice of the Asserted Patents until OptimNet served Amazon with a copy of the Original Complaint. Furthermore, Amazon does not infringe any valid and enforceable claim of the Asserted Patents.

### SEVENTH DEFENSE
### (No Willful Infringement)

150.    OptimNet is not entitled to enhanced or increased damages for willful infringement at least because Amazon's conduct does not meet the applicable standard for willful infringement.

**EIGHTH DEFENSE**
**(Equitable Doctrines)**

151.    OptimNet's claims are barred, in whole or in part, by the doctrines of waiver, implied waiver, acquiescence, estoppel, prosecution laches, and/or other equitable remedies.

**NINTH DEFENSE**
**(Prosecution History Estoppel)**

152.    OptimNet's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel by reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicants during the prosecution of the applications that led to the issuance of the Asserted Patents.

**TENTH DEFENSE**
**(Ensnarement)**

153.    OptimNet's claims are barred under the doctrine of equivalents to the extent such an asserted claim would encompass or ensnare the prior art.

**ELEVENTH DEFENSE**
**(License)**

154.    OptimNet's claims for patent infringement are barred in part by express and/or implied license(s) and/or agreement(s) regarding the Asserted Patents and by the doctrines of full compensation and/or exhaustion. OptimNet's ability to enforce the Asserted Patents against Amazon is limited to the extent Amazon is a party to or beneficiary of licenses, covenants, or other agreements under which it received rights regarding the Asserted Patents, including licenses, agreements, and/or covenants with OptimNet's affiliates.

**COUNTERCLAIMS**

Counterclaimants Amazon.com Services LLC and Amazon Web Services, Inc. (collectively "Amazon" or "Counterclaimants") allege the following Counterclaims against OptimNet:

## THE PARTIES

1.       Counterclaim Plaintiff Amazon.com Services LLC is a limited liability company organized under the laws of the state of Delaware, with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109-5210.

2.       Counterclaim Plaintiff Amazon Web Services, Inc. is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, WA 98109-5210.

3.       According to the allegations in OptimNet's Amended Complaint, OptimNet is a Texas limited liability company with its principal place of business at 102 N. College Ave 1038, Tyler, TX 75702.

## JURISDICTION AND VENUE

4.       This is a civil action for a declaration of non-infringement and invalidity of the Asserted Patents. These Counterclaims arise under the patent laws of the United States, Title 35 of the United States Code, Section 1, *et seq*., and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

5.       This Court has jurisdiction over Amazon's Counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 based on an actual controversy between OptimNet and Amazon, arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

6.       This Court has personal jurisdiction over OptimNet because, *inter alia*, OptimNet has submitted to the jurisdiction of this Court by filing this action and purposefully availing itself of the benefits and protections of the laws of the district.

7.       Amazon maintains its right to seek a transfer of venue, including pursuant to 28 U.S.C. § 1404. In the event of such transfer, Amazon consents to the transfer of its Counterclaims to the transferee forum. To the extent that this action remains in this District, venue is proper in

this district because OptimNet has consented to venue by asserting claims for patent infringement in this District.

8.    OptimNet has sued Amazon for alleged infringement of one or more claims of the United States Patent Nos. 8,543,864 ("the '864 patent"), 8,788,846 ("the '846 patent"), 9,104,565 ("the '565 patent"), and 9,112,934 ("the '934 patent") (collectively, the "Asserted Patents") in the present action. Amazon disputes that it infringes any valid and enforceable claim of the Asserted Patents. Accordingly, there is an actual, continuing, and justiciable controversy between OptimNet, on the one hand, and Amazon, on the other, concerning the alleged validity and infringement by Amazon of the Asserted Patents.

## NATURE OF THE ACTION

9.    Amazon incorporates paragraphs 1-8 of its Counterclaims as if fully set forth herein.

10.    This is an action based upon an actual controversy between the parties concerning the alleged infringement, validity, and enforceability of the Asserted Patents.

11.    According to the allegations in the First Amended Complaint ("Amended Complaint"), OptimNet claims certain rights arising under the patent laws of the United States and relating to the Asserted Patents.

12.    According to the allegations in the Amended Complaint, OptimNet alleges that it is the sole and exclusive owner of all right, title, and interest in the Asserted Patents, including the exclusive right to take all actions necessary to enforce the Asserted Patents and the right to recover all damages for past, present and future infringements of the Asserted Patents.

13.    OptimNet has expressly accused Amazon of infringement of the Asserted Patents by filing the Amended Complaint. Amazon has denied these allegations because Amazon's

DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON WEB SERVICES, INC.'S
ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

PAGE 28

products and services do not infringe any valid and enforceable claim of the Asserted Patents under any reasonable claim construction interpretation.

14.    OptimNet has expressly alleged that the Asserted Patents are valid. Amazon has denied these allegations.

15.    The '864 patent was issued on September 24, 2013. The claims of the '864 patent cover technology that was known in the art as of its claimed priority date as described, for example, in the U.S. patent documents and other publications identified on the face of the '864 patent.

16.    The '846 patent was issued on July 22, 2014. The claims of the '846 patent cover technology that was known in the art as of its claimed priority date as described, for example, in the U.S. patent documents and other publications identified on the face of the '846 patent.

17.    The '565 patent was issued on August 11, 2015. The claims of the '565 patent cover technology that was known in the art as of its claimed priority date as described, for example, in the U.S. patent documents and other publications identified on the face of the '565 patent.

18.    The '934 patent was issued on August 18, 2015. The claims of the '934 patent cover technology that was known in the art as of its claimed priority date as described, for example, in the U.S. patent documents and other publications identified on the face of the '934 patent.

19.    In view of the foregoing, a conflict of asserted rights has arisen between OptimNet and Amazon with respect to the alleged infringement and validity of the Asserted Patents.

## COUNT I

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '864 PATENT

20.    Amazon incorporates paragraphs 1-19 of its Counterclaims as if fully set forth herein.

DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON WEB SERVICES, INC.'S
ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

PAGE 29

21.     The claims of the '864 patent are invalid for failure to comply with the requirements of Title 35, United States Code, including at least §§ 101, 102, 103, and/or 112, as well as for statutory and non-statutory double patenting.

22.     Amazon is entitled to a declaratory judgment that the claims of the '864 patent are invalid.

## COUNT II

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '846 PATENT

23.     Amazon incorporates paragraphs 1-22 of its Counterclaims as if fully set forth herein.

24.     The claims of the '846 patent are invalid for failure to comply with the requirements of Title 35, United States Code, including at least §§ 101, 102, 103, and/or 112, as well as for statutory and non-statutory double patenting.

25.     Amazon is entitled to a declaratory judgment that the claims of the '846 patent are invalid.

## COUNT III

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '565 PATENT

26.     Amazon incorporates paragraphs 1-25 of its Counterclaims as if fully set forth herein.

27.     The claims of the '565 patent are invalid for failure to comply with the requirements of Title 35, United States Code, including at least §§ 101, 102, 103, and/or 112, as well as for statutory and non-statutory double patenting.

28.     Amazon is entitled to a declaratory judgment that the claims of the '565 patent are invalid.

## COUNT IV

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '934 PATENT

29.    Amazon incorporates paragraphs 1-28 of its Counterclaims as if fully set forth herein.

30.    The claims of the '934 patent are invalid for failure to comply with the requirements of Title 35, United States Code, including at least §§ 101, 102, 103, and/or 112, as well as for statutory and non-statutory double patenting.

31.    Amazon is entitled to a declaratory judgment that the claims of the '934 patent are invalid.

## COUNT V

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '864 PATENT

32.    Amazon incorporates paragraphs 1-31 of its Counterclaims as if fully set forth herein.

33.    The Amended Complaint alleges, e.g., that "Defendants have directly infringed (literally and equivalently) the '864 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '864 patent without a license or permission from OptimNet, such as for example inducing customers to use the infringing system." Amended Complaint, ¶ 67.

34.    Amazon has not infringed nor willfully infringed and does not infringe, directly or indirectly or willfully, any valid and enforceable claim of the '864 patent, either literally or under the doctrine of equivalents. The '864 Accused Instrumentalities do not and cannot infringe the claims of the '864 patent because they do not perform each and every step of the Asserted Claims of the '864 patent.

35. OptimNet's Exhibit 2, which purports to be an exemplary claim chart identifying how the '864 Accused Instrumentalities infringe at least one claim of the '864 patent does not identify with specificity how those products perform all required claim limitations.

36. The '864 Accused Instrumentalities do not infringe any claim of the '864 patent. For example, claim limitation 1[b] requires "receiving a chunk list requiring recovery by a one or more data servers included in data server groups other than a data server group including a failed data server among the plurality of data server groups" (the "Chunk List Limitation"). None of the accused products meets the Chunk List Limitation. First, OptimNet alleges that Amazon S3's indexing/metadata subsystem meets the Chunk List Limitation. It does not, at least because indexing and metadata are not a chunk list. Second, OptimNet alleges that Amazon EFS's recovery workflow "identifies affected file blocks or data fragments associated with a failed server and communicates recovery-related metadata identifying those fragments to storage servers in other Availability Zones so that reconstruction and redundancy restoration can occur." Amazon EFS's recovery system does not meet the Chunk List Limitation at least because recovery-related metadata is not a chunk list. Third, OptimNet alleges that Amazon FSx for NetApp ONTAP "maintains a structured block-level metadata list corresponding to stored data blocks." FSx for ONTAP does not meet the Chunk List Limitation at least because a metadata list is not a chunk list.

37. Additionally, claim limitation 1[c] requires "requesting chunk data necessary for recovering an erroneous chunk from the one or more data servers in the data server groups other than the data server group including the failed data server." None of the accused products meets limitation 1[c]. First, OptimNet alleges that S3's ability to repair data in response to a failure meets limitation 1[c]. It does not, at least because there is no requesting of chunk data to recover an

DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON WEB SERVICES, INC.'S
ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

PAGE 32

erroneous chunk. Second, OptimNet alleges Amazon EFS's storing of data across multiple Availability Zones meets limitation 1[c]. It does not, at least because even if Amazon EFS stores data across Availability Zones, there is no request for chunk data to recover an erroneous chunk. Third, OptimNet alleges that Amazon FSx for NetApp ONTAP meets limitation 1[c] by accessing data stored on other disks. It does not, at least because there is no request of chunk data to recover an erroneous chunk.

38.     An actual case or controversy exists between Amazon and OptimNet as to whether or not Amazon has infringed or infringes on the '864 patent.

39.     Amazon is entitled to a declaratory judgment that Amazon has not infringed and is not infringing, either directly or indirectly, the '864 patent.

40.     Amazon is entitled to a declaratory judgment that Amazon has not induced others and is not inducing others to infringe the '864 patent.

## COUNT VI

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '846 PATENT

41.     Amazon incorporates paragraphs 1-40 of its Counterclaims as if fully set forth herein.

42.     The Amended Complaint alleges, e.g., that "Defendants have directly infringed (literally and equivalently) the '846 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '846 patent without a license or permission from OptimNet, such as for example inducing customers to use the infringing system." Amended Complaint, ¶ 88.

43.     Amazon has not infringed nor willfully infringed and does not infringe, directly or indirectly or willfully, any valid and enforceable claim of the '846 patent, either literally or under the doctrine of equivalents. The '846 Accused Instrumentalities do not and cannot infringe the

claims of the '846 patent because they do not perform each and every step of the Asserted Claims of the '846 patent.

44.     OptimNet's Exhibit 4, which purports to be an exemplary claim chart identifying how the '846 Accused Instrumentalities infringe at least one claim of the '846 patent does not identify with specificity how those products perform all required claim limitations.

45.     The '846 Accused Instrumentalities do not infringe any claim of the '846 patent. For example, claim limitation 1[b] requires "where each of the servers corresponds to one of a secure server type and a general server type." Specifically, OptimNet alleges that Amazon EC2's standard compute environment for general-purpose workloads and AWS Nitro Enclaves' isolated execution environments meet this limitation. Amazon EC2 and AWS Nitro Enclaves are not "servers [that] correspond[] to one of a secure server type and a general server type" as required by limitation 1[b] at least because neither an EC2 compute instance nor a Nitro Enclaves instance is a "server" of any type within the meaning of the '846 patent.

46.     Additionally, claim limitation 1[d] requires "secret code of the program is executed by one or more secure server type of servers and general code of the program is executed by one or more general server type of servers." OptimNet alleges that Amazon EC2 deployment of sensitive application logic inside AWS Nitro Enclaves and execution of non-sensitive application logic in parent EC2 instances meets limitation 1[d]. Amazon EC2 does not infringe limitation 1[d] at least because Nitro Enclaves are not executing "secret code" and parent EC2 instances are not executing "general code" of the same "program" as the "secret code." For example, OptimNet's own allegations are that Nitro Enclaves "execute sensitive code in isolation," which shows that the code executed by Nitro Enclaves is not from the same program as the code executed by a parent EC2 instance.

47.    An actual case or controversy exists between Amazon and OptimNet as to whether or not Amazon has infringed or infringes on the '846 patent.

48.    Amazon is entitled to a declaratory judgment that Amazon has not infringed and is not infringing, either directly or indirectly, the '846 patent.

49.    Amazon is entitled to a declaratory judgment that Amazon has not induced others and is not inducing others to infringe the '846 patent.

## COUNT VII

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '565 PATENT

50.    Amazon incorporates paragraphs 1-49 of its Counterclaims as if fully set forth herein.

51.    The Amended Complaint alleges, e.g., that "Defendants have directly infringed (literally and equivalently) the '565 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '565 patent without a license or permission from OptimNet, such as for example inducing customers to use the infringing system." Amended Complaint, ¶109.

52.    Amazon has not infringed nor willfully infringed and does not infringe, directly or indirectly or willfully, any valid and enforceable claim of the '565 patent, either literally or under the doctrine of equivalents. The '565 Accused Instrumentalities do not and cannot infringe the claims of the '565 patent because they do not perform each and every step of the Asserted Claims of the '565 patent.

53.    OptimNet's Exhibit 6, which purports to be an exemplary claim chart identifying how the '565 Accused Instrumentalities infringe at least one claim of the '565 patent does not identify with specificity how those products perform all required claim limitations.

54.     The '565 Accused Instrumentalities do not infringe any claim of the '565 patent. For example, claim limitation 1[c] requires "(c2) probing a resource, (c3) selecting a subsequent domain so as to select a next resource to be probed." OptimNet alleges that X-Ray's "collecting and analyzing segment data from each service node, capturing latency, error rates, fault counts, and throttling metrics that reveal resource health" meets this limitation. X-Ray does not "prob[e] a resource" or "select[] a subsequent domain so as to select a next resource to be probed" as required by limitation 1[c] at least because X-Ray is a service that monitors and analyzes cloud-application performance, not physical network resources. OptimNet also alleges CloudWatch Investigations satisfies this limitation by determining domains to investigate. Despite OptimNet's allegations, CloudWatch Investigations does not "prob[e] a resource" and does not "select[] a subsequent domain so as to select a next resource to be probed" at least because CloudWatch Investigations analyzes telemetry data, it does not probe resources. Additionally, OptimNet's allegations for limitation 1[c] do not even reference Amazon EventBridge, AWS Systems Manager, AWS Config, Amazon SNS, AWS Chatbot, or Amazon SES.

55.     An actual case or controversy exists between Amazon and OptimNet as to whether or not Amazon has infringed or infringes on the '565 patent.

56.     Amazon is entitled to a declaratory judgment that Amazon has not infringed and is not infringing, either directly or indirectly, the '565 patent.

57.     Amazon is entitled to a declaratory judgment that Amazon has not induced others and is not inducing others to infringe the '565 patent.

DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON WEB SERVICES, INC.'S
ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

PAGE 36

## COUNT VIII

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '934 PATENT

58.     Amazon incorporates paragraphs 1-57 of its Counterclaims as if fully set forth herein.

59.     The Amended Complaint alleges, e.g., that "Defendants have directly infringed (literally and equivalently) the '934 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '934 patent without a license or permission from OptimNet, such as for example inducing customers to use the infringing system." Amended Complaint, ¶ 128.

60.     Amazon has not infringed nor willfully infringed and does not infringe, directly or indirectly or willfully, any valid and enforceable claim of the '934 patent, either literally or under the doctrine of equivalents. The '934 Accused Instrumentalities do not and cannot infringe the claims of the '934 patent because they do not perform each and every step of the Asserted Claims of the '934 patent.

61.     OptimNet's Exhibit 8, which purports to be an exemplary claim chart identifying how the '934 Accused Instrumentalities infringe at least one claim of the '934 patent does not identify with specificity how those products perform all required claim limitations.

62.     The '934 Accused Instrumentalities do not infringe any claim of the '934 patent. Claim limitation 1[a] requires "a request receiver configured to receive a network configuration request and network configuration information, from a service provider that provides the content, wherein the network configuration information is needed to provide a service of the service provider." OptimNet alleges Amazon CloudFront's receipt of "a CloudFront distribution" meets this limitation. CloudFront's distribution does not meet this limitation at least because it is not "needed to provide a service of the service provider" that "provides the content."

63.   Additionally, claim limitation 1[c] requires "a controller configured to set a plurality of network nodes for configuring a transfer path for content delivery in a content delivery overlay network, based on the resource information and the network configuration information" (the "Controller Limitation"). Specifically, OptimNet alleges that Amazon CloudFront's PoP selection and cache hierarchy meet this limitation. CloudFront's PoP selection and cache hierarchy do not meet the Controller Limitation at least because CloudFront does not implement a content delivery overlay network.

64.   An actual case or controversy exists between Amazon and OptimNet as to whether or not Amazon has infringed or infringes on the '934 patent.

65.   Amazon is entitled to a declaratory judgment that Amazon has not infringed and is not infringing, either directly or indirectly, the '934 patent.

66.   Amazon is entitled to a declaratory judgment that Amazon has not induced others and is not inducing others to infringe the '934 patent.

## PRAYER FOR RELIEF

67.   Amazon respectfully requests that this Court enter the following relief:

A.   Judgment in favor of Amazon denying OptimNet all relief requested in its Amended Complaint in this action and dismissing OptimNet's Amended Complaint with prejudice;

B.   Judgment in favor of Amazon on all of its Counterclaims;

C.   Declaration and judgment that Amazon does not infringe and has not infringed, directly or indirectly, any claim of the Asserted Patents, willfully, literally or under the doctrine of equivalents;

D.      Declaration and judgment that the asserted claims of the Asserted Patents are invalid;

E.      Declaration that this case is exceptional under 35 U.S.C. § 285, and an award to Amazon of its reasonable costs, attorneys' fees, and expert fees incurred in this action;

F.      Judgment that OptimNet shall take nothing by this action;

G.      Judgment for all sums reasonably incurred by Amazon in the defense of this action, including, but not limited to, attorneys' fees, costs, and expenses; and

H.      Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Amazon hereby requests a trial by jury on all issues so triable including specifically on OptimNet's claims and Amazon's defenses thereto.

DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON WEB SERVICES, INC.'S
ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

PAGE 39

DATED: March 24, 2026

Respectfully submitted,

**SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP**

*/s/Jennifer Klein Ayers*
Jennifer Klein Ayers
Texas State Bar No. 24069322
jayers@sheppard.com

**SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP**
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
Telephone: 469.391.7400
Facsimile: 469.391.7401

Stephen S. Korniczky (admitted *pro hac vice*)
California State Bar No. 135532
skorniczky@sheppard.com

Martin R. Bader (admitted *pro hac vice*)
California State Bar No. 222865
mbader@sheppard.com

James Young Hurt
California State Bar No. 312390
jhurt@sheppard.com

Michael Hopkins (admitted *pro hac vice*)
California State Bar No. 326621
mhopkins@sheppard.com

**SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP**
12275 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: 858.720.8900
Facsimile: 858.509.3691

***Attorneys for Defendants Amazon.com Services LLC and Amazon Web Services, Inc.***

DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON WEB SERVICES, INC.'S ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

PAGE 40

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, including all declarations, exhibits, and proposed orders, has been served on all counsel of record via the Court's CM/ECF system on March 24, 2026.

/s/ *Jennifer Klein Ayers*
Jennifer Klein Ayers

DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON WEB SERVICES, INC.'S
ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

PAGE 41